UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marcus Robinson, ) | |
| ) | |
| Petitioner, ) | Cr. No.: 6:09-cr-01337-GRA-1 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court on Petitioner Marcus Robinson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). The Government has filed a Response to the § 2255 Motion. The Government also moves for Summary Judgment as to Petitioner's § 2255 Motion. For the reasons set forth below, Petitioner's Motion under 28 U.S.C. § 2255 is DENIED and the Government's Motion for Summary Judgment is GRANTED.

## Background

On May 12, 2010, Petitioner pled guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). ECF No. 22. On November 17, 2010, the Honorable Henry F. Floyd sentenced Petitioner to the minimum mandatory sentence of 180 months in prison followed by 5 years supervised release. ECF No. 28. Petitioner timely appealed both his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed his conviction and

sentence on September 29, 2011.  See ECF Nos. 59 & 60.

Petitioner timely filed this *pro se* § 2255 Motion on December 28, 2012.[1]  ECF No. 67.  The Government filed its Response in Opposition on January 31, 2013 and also moved for Summary Judgment.  ECF Nos. 75 & 78.  Petitioner was advised to respond to the Motion for Summary Judgment pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 1, 2013.  ECF No. 76.  The deadline to respond to Respondent's Motion for Summary Judgment was March 7, 2013.  Petitioner has failed to respond to the motion.

## Standard of Review

Petitioner brings this motion *pro se*.  District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *see Small v. Endicott*,

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Section 2255 provides that a prisoner in custody under a federal court's sentence may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the motion, its attachments and the record plainly show that the prisoner is not entitled to relief, the court must dismiss the motion. Rule 4(b), Rules Governing § 2255 Proceedings for the U.S. Dist. Cts.

Here, Respondent has filed a Motion for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it

believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

## Discussion

Petitioner raises three grounds for relief in his § 2255 Motion. First, he argues "Rule 11" and cites authority for the proposition that the Sixth Amendment right to counsel extends to plea negotiations. Second, Petitioner argues that he is entitled to the benefit of the Fair Sentencing Act of 2010 ("FSA"). Finally, Petitioner contends that he is "actually incense (sic) of 924(c)(1)(A)" because 5 grams is not a predicate offense of a drug trafficking crime. Each ground will be discussed herein.

### I.     Ineffective Assistance of Counsel

Petitioner's first ground for relief can liberally be construed as an ineffective assistance of counsel claim. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness and (2) that, but for his counsel's deficiencies, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. *Id.* at 690. The attorney's conduct must be "within the

realm of competence demanded of attorneys in criminal cases." *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689 (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential").

As for prejudice, a petitioner has the burden of proving that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. *Id.* at 694. He must demonstrate that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693. Thus, even if counsel's performance falls outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error likely had no effect on the judgment. *Id.* at 694. A court need not make a determination concerning the attorney's performance if it is clear that no prejudice resulted. *See id.* at 697.

In his motion, Petitioner seems to claim ineffective assistance of counsel and cites language from cases that discuss the Sixth Amendment right to counsel in the context of plea bargaining. However, Petitioner does not state any facts or explain how or why his attorney's representation fell below "an objective standard of reasonableness," or that he was prejudiced as a result. Accordingly, Petitioner's ineffective assistance of counsel claim fails as a matter of law. *See Nickerson v. Lee*,

971 F.2d 1125, 1136 (4th Cir. 1992) (unsupported conclusory allegations subject to dismissal), *abrogated on other grounds by Gray v. Netherland*, 518 U.S. 152, 165–66 (1996); *see also United States v. Cronic*, 466 U.S. 648, 666 (1984) (stating that an ineffective assistance of counsel claim can only be made "by pointing to specific errors made by trial counsel").

In any event, the record does not support Petitioner's ineffective assistance of counsel claim. At the plea hearing, Petitioner was specifically asked if he had any complaints against his attorney, and Petitioner affirmed to the court that he was satisfied and did not need to discuss his case further with the attorney. Petitioner is bound by the statements he made at this hearing. *United States v. Lemaster,* 403 F.3d 216, 221–222 (4th Cir.2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during the Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). Moreover, Petitioner does not state that he would not have pleaded guilty and gone to trial absent any alleged error of his attorney.

Therefore, the record reflects that Petitioner's attorney effectively represented him, and Petitioner has failed to show otherwise.

## II.   Fair Sentencing Act

Petitioner next contends that he is entitled to the benefits of the Fair Sentencing Act of 2010 ("FSA"). The FSA only modified statutory penalties for violations of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, involving crack

cocaine. *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010). Petitioner, however, pled guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). As such, the offense to which Petitioner pled guilty does not constitute a violation of the Controlled Substances Act, and the FSA does not provide any relief to Petitioner.

### III.     "Drug Trafficking Crime" Predicate

Finally, Petitioner argues that the "drug trafficking crime" predicate the Government used to support his conviction, possession with intent to distribute crack cocaine, is legally insufficient to support a § 924(c) conviction. Specifically, Petitioner asserts that possession with intent to distribute five grams or more of crack cocaine is no longer a "drug trafficking crime."

"In order to prove a violation of § 924(c)(1), the Government must show two elements: (1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense or crime of violence." *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) . . . ." 18 U.S.C. § 924(c)(2). A felony is generally defined as any offense for which the possible punishment is in excess of one year of imprisonment. *See* 18 U.S.C. § 3559(a); *Lopez v. Gonzales*, 549 U.S. 47, 56 n.7 (2006) (stating that "for purposes of § 924(c)(2) the crimes the CSA defines as 'felonies' are those crimes to which it assigns a punishment exceeding one year's imprisonment.").

Here, possession with the intent to distribute crack cocaine is a "drug

trafficking crime" sufficient to support Petitioner's § 924(c) conviction. *United States v. James*, 834 F.2d 92, 92–93 (4th Cir. 1987) (interpreting a narrower definition of "drug trafficking crime" and holding that possession with intent to distribute is a "drug trafficking crime" sufficient to support a § 924 (c) conviction). While the FSA increased the amount of crack cocaine required for a mandatory 5-year minimum sentence under the Controlled Substances Act from 5 grams to 28 grams, possessing five grams or more of cocaine still constitutes a "drug trafficking crime" for § 924(c) purposes. The applicable statutory penalties for possession with the intent to distribute crack cocaine, whatever the applicable quantity, all still greatly exceed one year in prison. 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B), & (b)(1)(C).

Therefore, the Court finds that this claim is without merit and does not afford Petitioner any relief.

## Conclusion

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Motion. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED. The Government's Motion for Summary Judgment is GRANTED, and this matter is DISMISSED, with prejudice.

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2003) (holding that, to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS SO ORDERED.**

*/s/ G. Ross Anderson, Jr.*

G. Ross Anderson, Jr.
Senior United States District Judge

March 13, 2013
Anderson, South Carolina